UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:23-CR-217 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| VERONICA GRAHAM, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.  Procedural History

On April 20, 2023, a grand jury charged Defendant in a one-count Indictment of making a false statement in acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). (ECF No. 1, PageID #1–2).  On January 3, 2024, Defendant moved to suppress all statements she made to law enforcement agents during a March 11, 2022 interview alleging the statements were not made involuntarily.  (ECF No. 20, PageID #52).  Defendant argues that the coercive statements/actions of the law enforcement agents overbore her will and were the motivating factor in Defendant's decision to offer the incriminating statements.  (*Id*. at PageID #59–60).

The Government opposed Defendant's motion on January 17, 2024.  (ECF No. 24).  The Government contests that Defendant's intellectual and adaptive functioning deficits do not impact her competency and the agents did not coerce her participation or statements during the March 11, 2022 interview.  (*Id*. at PageID #90).

For the following reasons, Defendant's motion to suppress is **DENIED**.

## II. Legal Standard

"[I]n seeking suppression of evidence the burden of proof is upon the defendant to display a violation of some constitutional or statutory right justifying suppression." *United States v. Rodriguez-Suazo*, 346 F.3d 637, 643 (6th Cir. 2003). Defendant concedes that the March 11, 2022 interrogation was not custodial in nature, and warnings, pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), were not constitutionally required. (ECF No. 20, PageID #57). To determine if a confession is admissible, the Court considers whether the confession was "made freely, voluntarily, and without compulsion or inducement of any sort." *Haynes v. Washington*, 373 U.S. 503, 513 (1963). When a defendant claims that a confession was coerced, the government bears the burden of proving, by a preponderance of the evidence, that the confession was voluntary. *United States v. Wrice*, 954 F.2d 406, 410 (6th Cir. 1992).

To find a confession involuntary due to police coercion, the Court must find, "(i) the police activity was objectively coercive, (ii) the coercion in question was sufficient to overbear the defendant's will; and (iii) the alleged police misconduct was the crucial motivating factor in the defendant's decision to offer the statement." *United States v. Mahan*, 190 F.3d 416, 422 (6th Cir. 1999). To determine whether a confession was elicited by means that are unconstitutional, the Court looks to the totality of the circumstances. *Id*. Relevant factors to consider may include, "the defendant's age, education and intelligence; whether the defendant has been informed of his constitutional rights; the length and extent of the questioning; and the use of physical punishment, such as the deprivation of food or sleep." *Id*. at 423.

## III. Analysis

On March 11, 2022, Defendant met with two ATF agents at her mother's house and their interview was recorded. (ECF No. 20, PageID #53; ECF No. 24, PageID #91). Defendant now

2

moves to suppress the statements she made to the ATF agents alleging they were involuntary under the Fifth Amendment. (ECF No. 20, PageID #55).

    a. *Police Activity Not Objectively Coercive*

Defendant argues that the ATF agents made objectively coercive statements by offering Defendant illusory promises by stating that they were trying to get her "out of trouble" and that they "were working for her." (ECF No. 20, PageID #57–58). The Government argues that no promises were made by the interviewing agents to induce cooperation or coerce a confession. (ECF No. 24, PageID #97).

"[P]olice promises of leniency and threats of prosecution may be coercive if they are 'broken or illusory.'" *United States v. Siler*, 526 F.App'x 573, 575 (6th Cir. 2013). An illusory promise, "lacks substance and does not actually commit the police to undertake or refrain from any particular course of action." *Id*. A promise is also problematic if the officer, "leads a defendant to believe that he will receive lenient treatment when this is quite unlikely and makes a promise, without authorization by the prosecution." *Id*.

The first statement Defendant cites in support of coercion is that the agents stated being honest would "make life a lot easier for her." (ECF No. 20, PageID #57). Upon review of the interview, the agent stated, "but being honest on this part? This is going to make life a lot easier on you." (Exh. A, 5:50–53). The Court does not find that this statement is a promise of leniency.

Defendant next cites the statement, "I'm trying to get you out of trouble." (ECF No. 20, PageID #57). Upon review of the interview, the agent stated, "now is the time to be a hundred percent honest with us because a hundred percent honest with us is going to get you the best … I am trying to get you out of trouble. I am trying to work for you right now, but if I can get all of the facts, I can work for you. But withholding some information, I cannot get anything." (Exh.

3

A, 13:22–39). The agent's references to honesty getting Defendant "the best" and to working for the Defendant do not make any explicit promises of leniency.

The agents repeatedly walked Defendant through the process she would face and emphasized she was not being arrested that day. For example, one of the agents stated, "at this point in time … we are here gathering facts. So we document facts, we present the facts to the United States Attorney. So from that point on, the United States Attorney will determine … what the outcome is. In our experience, somebody like this where you are not repetitively doing this … it may just be a warning letter served, 'hey, don't do this again.' You see what I am saying? I am not promising that, but in my experience that's typically what happens with a first-time person who straw purchased a firearm." (Exh. A, 24:33–25:07. *See also* Exh. A, 28:00–25; 36:10–55).

An agent stated at the beginning of the interview, "whatever we talk about here today, we are leaving. We are not going to arrest you. You're not in trouble or anything like that. So take a deep breath, okay?" (Exh. A, 3:08–14). After further discussion, the agent reiterated, "nobody is going to jail, nobody is in trouble at this point in time. We are just here to get information from you." (Exh. A, 5:25–29). Thus, the agents did not make any threats of prosecution or arrest to coerce Defendant into confessing.

Defendant cites *United States v. Siler* in support of her coercion argument, but her reliance on that case is misplaced. In *Siler*, the investigator told the defendant that no one would be charged if defendant provided the requested information and the investigator stated that he wrote the warrants. 526 F. App'x at 576. Nothing like these misrepresentations occurred in this case. Reviewing the totality of the circumstances, the Court finds that the agents did not offer Defendant any broken or illusory promises and the police activity in question was not objectively coercive.

4

### b. Defendant's Will Not Overborn

Assuming arguendo that the agents' actions were objectively coercive, the totality of the circumstances indicate that the alleged coercion was not sufficient to overbear Defendant's will. Defendant was 32 years old on the date of her interview with the ATF agents. (ECF No. 20, PageID #63). Defendant graduated from high school and attended some college. (*Id*. at PageID #64). She has been diagnosed with a mild intellectual disability. (*Id*. at PageID #70). However, there is no indication from the recording of the interview that Defendant either could not understand any of the questions presented or misunderstood what was being asked. The interview lasted for approximately 40 minutes and occurred at her mother's house. Her mother was present and involved in the entire interview. Toward the beginning of the interview, the agents allowed Defendant to leave the room and use the restroom. (Exh. A, 7:08–10:00). Defendant was never placed under arrest or threatened with arrest. There is no indication that either agent brandished a handgun, handcuffs, or any other items associated with force or coercion. Thus, in accordance with *United States v. Mahan*, the totality of circumstances of Defendant's interview do not indicate that the police activity overbore Defendant's will. 190 F.3d at 423. The Court need not address the third part of the *Mahan* test because the first and second parts indicate that Defendant made her statements voluntarily.

### IV. Conclusion

Consequently, Defendant's motion to suppress is **DENIED**. (ECF No. 20). The Court will reset the trial schedule in this matter in a separate order.

**IT IS SO ORDERED.**

Date: October 23, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**