UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:23-CR-217 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| VERONICA GRAHAM, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

I. **Procedural History**

On April 20, 2023, a grand jury charged Defendant with one count of making a false statement in acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). (ECF No. 1, PageID #1–2). On January 3, 2024, Defendant filed a motion in limine requesting that the Court exclude from trial "any detailed reference to the investigation conducted in Chicago related to the recovery of the firearm." (ECF No. 21, PageID #82). Defendant argues that the details of the Chicago investigation are not relevant to whether she made a knowingly false statement on ATF Form 4473, so any probative value is outweighed by the danger of unfair prejudice. (*Id*.).

The Government opposed Defendant's motion on November 4, 2024. (ECF No. 30). The Government contests that the recovery of one of the firearms purchased by Defendant is relevant to the Government's case. (*Id*. at PageID #117). The Government desires to introduce "brief evidence that police recovered the firearm along with other paraphernalia from McCray and Robinson who were prohibited from possessing the firearm." (*Id*. at PageID #120). The Government requests that if the Court limits evidence related to the firearm recovery, that the

1

Government be permitted to "present evidence more generally that [the firearm] was recovered in another state during a criminal investigation without specifying any individuals or crimes." (*Id*. at PageID #121). The Government also requests that if Defendant testifies, the Government be permitted to cross-examine Defendant concerning her knowledge of the firearms whereabouts. (*Id*.).

For the following reasons, Defendant's motion in limine is **GRANTED**.

## II. Legal Standard

Federal Rule of Evidence 401 states that evidence is relevant if, "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Federal Rule of Evidence 403 states, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III. Analysis

Defendant moves the Court to prohibit the Government from referencing details of the Chicago investigation related to the recovery of a firearm owned/purchased by Defendant because that investigation is not relevant to whether she made a false statement in the acquisition of a firearm. (ECF No. 21, PageID #83). If the Court finds that the evidence is relevant, Defendant requests that the evidence be excluded under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice. (*Id*. at PageID #84).

The Government contends that the evidence is relevant because it establishes how the firearm came into the Government's possession, provides necessary context for other evidence in the case, and is relevant to motive. (ECF No. 30, PageID #119). The Government also argues that

the probative value of the evidence is significant because the background and context of the investigation are essential to the jury's understanding of the case.  (*Id*. at PageID #120).

Defendant is charged with making a false statement in the acquisition of a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).  (ECF No. 1, PageID #1–2).  Pursuant to 18 U.S.C § 922(a)(6), it is unlawful

> for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement … intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

If an individual knowingly violates 18 U.S.C. § 922(a)(6), that individual shall be fined, imprisoned not more than ten years, or both.  18 U.S.C. § 924(a)(2).  The indictment alleges that Defendant, "did knowingly state and represent on Federal Firearms Transaction Records, those are, ATF Forms 4473, that she was the actual buyer of said firearms, when in fact, she was not the actual buyer of the firearms."  (ECF No. 1, PageID #1–2).

The Government, "intends to offer brief evidence that police recovered the firearm along with other paraphernalia from McCray and Robinson who were prohibited from possessing a firearm."  (ECF No. 30, PageID #120).  Defendant concedes that the Government "may mention that the firearm was recovered in Chicago and traced to Ms. Graham as the purchaser."  (ECF No. 21, PageID #83).  The Court concurs that the latter evidence is relevant to whether Defendant was the actual buyer of the firearm.  However, who the weapon was retrieved from, any "paraphernalia" retrieved with the weapon, and the criminal history of those individuals, is not relevant to whether Defendant knowingly made a false statement on ATF Form 4473 at the time of purchase.  This is especially true since the Government offers no connection, tenuous or otherwise, between

3

Defendant and the persons from whom the gun was confiscated.

Even if it were relevant, the probative value of that evidence is substantially outweighed by the danger of unfair prejudice. The Government identifies one of the individuals who the firearm was recovered from as "a multi-convicted felon" and states that drugs were recovered alongside the firearm. (ECF No. 30, PageID #118). Unfair prejudice "refers to evidence which tends to suggest decision on an improper basis." *United States v. Ford*, 761 F.3d 641, 648 (6th Cir. 2014). Defendant argues, "[t]he jury may focus on that information and want to hold Ms. Graham responsible without focusing on the evidence of the crime charged." (ECF No. 21, PageID #85). The Court concurs. Provided with the information at issue, a jury may want to find guilt simply because the gun purchased by Defendant allegedly ended up in the hands of a "multi-convicted felon" and murderer. There is a significant risk that this information would unfairly prejudice a jury against Defendant and confuse the issues for the jury to decide.

### IV. Conclusion

Consequently, Defendant's motion in limine is **GRANTED**. (ECF No. 21). As Defendant conceded and the Government requested, the Government may mention that the firearm was recovered in Chicago and traced to Defendant. Any details specifying the individuals, crimes, or circumstances of the Chicago investigation must be excluded from the Government's case in chief at trial. However, should Defendant testify at trial, the Government may be given some limited latitude in questioning her about her knowledge of the individuals from whom the gun was confiscated.

**IT IS SO ORDERED.**

Date:  December 5, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**